

IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DAVID MOSS<br><br>PLAINTIFF<br><br>V.<br><br>ASSOCIATION FINALCIAL SERVICES A/K/A AFS<br><br>DANIEL E KOERNER PERSONALLY AND AS OWNER OF ASSOCIATION FINALCIAL SERVICES A/K/A AFS<br><br>WILSHIRE PARK HOMEOWNERS ASSOCIATION INC.<br><br>HAROLD WALKER PERSONALLY AND IN HIS PROFRSSIONAL CAPICITY AS CFO OF WILSHIRE PARK HOMEOWNERS ASSOCIATION INC<br><br>WISCHAL JOSHI PERSONALLY AND IN HIS PROFRSSIONAL CAPICITY AS CEO WILSHIRE PARK HOMEOWNERS ASSOCIATION INC<br><br>DEFENDANT(S). | **1:17-CV-3556**<br><br>Case No.:<br><br>COMPLAINT FOR CIVIL PENALTIES, INJUNCTIVE AND OTHER RELIEF<br><br>Demand for Jury trial |

### PLAINTIFF'S COMPLAINT FOR CIVIL PENALTIES, INJUNCTIVE AND OTHER RELIEF

Now comes the plaintiff, David Moss (alleged consumer), by way of Prose for his complaint against the defendant(s) Association Financial Service a/k/a AFS, Wilshire Park Homeowners Association, Harold Walker personally and in his professional capacity as CFO Wilshire Park Homeowners Association,

1

Wischal Joshi personally and in his professional capacity as CEO Wilshire Park Homeowners Association and Daniel E Koerner personally and in his professional capacity as Owner Association Financial Service a/k/a AFS.

Alleges as follows:

## JURISDICTION AND VENUE

1. This is an action arising under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, to obtain monetary civil penalties, a permanent injunction, restitution, disgorgement, FDCPA, and Section 5 of the FTC Act. and other equitable relief for defendants' violations of the FDCPA, and Section 5 of the FTC Act.

2. This Court has jurisdiction over this matter under 28 U.S.C. §§ 1331, 1337(a), 1345, and 1355, and under 15 U.S.C. §§ 45(a)(1), 45(m)(1)(A), 53(b), 57b, 1681s, and 1692l.

3. Personal jurisdiction exists over defendant(s) as they had the necessary minimum contacts with the State of Georgia and this suit arises out of their specific conduct with plaintiff in Georgia. All the actions described in this suit occurred in Georgia.

4. Subject matter jurisdiction exists under federal question jurisdiction (28 U.S.C. Section 1331) and through diversity jurisdiction (28 U.S.C. Section 1332) as the amount claimed exceeds $75,000.00 between these diverse parties.

5. Of Georgia under 28 U.S.C. §§ 1391(b)-(c), 1395(a), and 15 U.S.C. § 53(b)

## PLAINTIFF

6. This action is brought by the plaintiff David Moss a resident of the state of Georgia. FDCPA, 15 U.S.C. §§ 1692-1692p, which imposes duties upon debt collectors.

2

## DEFENDANTS

7.   Defendant Wilshire Homeowners Association is a not-for-profit corporation organized, existing and doing business under the laws of the State of Georgia. Its principal place of business is P.O Box 70907 Marietta, GA 30007. At all times, relevant to this complaint, Wilshire Homeowners Association has transacted business in this District

8.   Defendant Association Financial Service a/k/a AFS is a for-profit corporation organized, existing and doing business under the laws of the State of Georgia. Its principal place of business is P.O Box 30007 Marietta, GA 30007. At all times relevant to this complaint, Association Financial Service a//k/a/ AFS has transacted business in this District.

9.   Defendant Daniel E Koerner is owner of Association Financial Service a/k/a AFS which is a for-profit corporation organized, existing and doing business under the laws of the State of Georgia. His principal resident is 4207 Kenwyck Court Marietta, GA 30007. At all times relevant to this complaint, defendant Koerner plays an active role in the management of Association Financial Service a/k/a AFS, defendant Koerner, in his capacity as the Owner of Association Financial Service a/k/a AFS formulated, directed, controlled, had the authority to control, or participated in the debt collection acts and practices of Association Financial Service a/k/a AFS, including the acts and practices alleged in this complaint. Defendant Daniel E Koerner and his business Association Financial Service a/k/a AFS has transacted business in this District.

10.   Defendant Wischal Joshi is Chief Executive Officer (CEO) of Wilshire Park Homeowners Association his principal address is 333 Sonoma Lane McDonough, Ga

30253, defendant Joshi plays an active role in the management and/or supervision of Wilshire Park Homeowners Association debt collection activities, defendant Joshi, in his capacity as the Chief Executive Officer (CEO) of Wilshire Park Homeowners Association formulated, conspired, directed, controlled, had the authority to control, or participated in the debt collection acts and practices of defendant's Daniel E Koerner and Association Financial Service, including the acts and practices alleged in this complaint. At all times, relevant to this complaint; defendant Joshi through defendant's Daniel E Koerner Association Financial Service a/k/a AFS has transacted business in this District.

11. Defendant Harold Walker is Chief Financial Officer (CFO) of Wilshire Park Homeowners Association, his principal address is 190 Napa Dr. McDonough, Ga. 30253 Defendant Walker plays an active role in the management and/or supervision of Wilshire Park Homeowners Association debt collection activities. Defendant Walker in his capacity as the Chief Financial Officer (CFO)of Wilshire Park Homeowners Association formulated, conspired, directed, controlled, had the authority to control, or participated in the debt collection acts and practices of defendant's Daniel E Koerner and Association Financial Service a/k/a AFS, including the acts and practices alleged in this complaint. At all times, relevant to this complaint, defendant Walker through Association Financial Service a/k/a AFS has transacted business in this District.

12. Defendant Association Financial Service a/k/a AFS and defendant Koerner, ("Defendants") are "debt collectors," as defined in Section 803(6) f the FDCPA, 15 U.S.C. § 1692a (6). The term "consumer" as used in this complaint, means any natural

4

person obligated or allegedly obligated to pay any debt, as "debt" is defined in Section 803(5) of the FDCPA,15 U.S.C. § 1692a (5).

## COMMERCE

13. At all times material to this complaint, all defendants have maintained a substantial course of trade in the collection of debts, in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

## STATEMENT OF CLAIMS/COURSE OF CONDUCT

14. Defendant's Daniel E Koerner and Association Financial Service a/k/a AFS provides collection services to homeowner's associations, attempting to recover consumer debts, a substantial number of which have previously been placed in collection or the homeowner's association could not collect on.

15. Defendant Association Financial Service a/k/a AFS regularly attempts to collect debts by contacting the consumer by telephone, mail and email.

16. Defendant Daniel E Koerner is a person who regularly and in the ordinary course of business threatens consumers with legal actions if they fail to pay the invalidated debt.

17. Since in or about February 2, 2017 and in numerous other instances, plaintiff notified defendant's Daniel E Koerner and Association Financial Service a/k/a AFS at the address specified for such disputes that defendant's Daniel E Koerner and Association Financial Service a/k/a AFS was attempting to collect a debt that is inaccurate and based inaccurate information provided by defendants Wilshire Park homeowner's association, Walker and Joshi, yet defendant's Daniel E Koerner and Association Financial Service

a/k/a AFS continued to coerce plaintiff to pay through a series postcards and dunning notice even after receiving such notice from the plaintiff via certified mail disputing the debt.

18.     Since in or about February 2, 2017 and in numerous other instances, despite written notification from plaintiff disputing the accuracy or completeness of alleged debts, defendant's Daniel E Koerner and Association Financial Service a/k/a AFS has continued to characterize the debt as owed by the plaintiff in its collection efforts.

19.     Since in or about February 2, 2017 and in numerous other instances, despite written or oral notification from plaintiff disputing the accuracy or completeness of alleged debts, defendant's Daniel Koerner and Association Financial Service a/k/a AFS published the debt to the general public via postcard through the US mail and subject the plaintiff to public ridicule.

20.     Defendant's Harold Walker and Wischal Joshi, in their personal and professional capacity each had the authority to control and direct the debt collection activities of defendant's Daniel Koerner and Association Financial Service a/k/a AFS, or has conspired and participated in the civil racketeering, misrepresentations and other misconduct of defendant's Daniel Koerner and Association Financial Service a/k/a AFS, in connection with the collection of debts, and knew or should have known of the misrepresentations and other misconduct of defendant's Daniel E Koerner and Association Financial Service a/k/a AFS.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

21.     The allegations of paragraphs 1 through 34 of this complaint are re-alleged and

incorporated by reference. In connection with the collection of a debt, defendants Daniel E Koerner and Association Financial Service a/k/a AFS, directly or indirectly have used false, deceptive, or misleading representations or means, in violation of Section 807 of the FDCPA, 15 U.S.C. § 1692e, including, but not limited to, the following:

    a. In numerous instances, defendants, directly or indirectly, have used false representations concerning the character, amount, or legal status.

    b. In numerous instances, defendants, directly or indirectly, have failed to communicate to the CRA to which it reported a debt that the debt is disputed, in violation of Section 807(8) of the FDCPA, 15 U.S.C.§ 1692e (8).

    c. In numerous instances, defendants, directly or indirectly communicated with plaintiff regarding the alleged debt by postcard.

    d. In numerous instances, defendants, directly or indirectly fail to disclose in all communications with plaintiff that he or she is a debt collector and, in the first communication with the plaintiff, that he or she is attempting to collect a debt and that any information obtained will be used for that purpose.

22. The acts and practices alleged in Paragraph 21 constitute violations of Section 807 of the FDCPA, 15 U.S.C. § 1692e. Pursuant to Section 814(a) of the FDCPA, 15 U.S.C. § 1692l(a), the acts and practices alleged in Paragraph 35 also constitute unfair or deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## COUNT 2

## VIOLATIONS OF SECTION 5 OF THE FTC ACT

23. The allegations of paragraphs 1 through 34 of this complaint are re-alleged and incorporated by reference. Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "unfair or deceptive acts or practices in or affecting commerce." Representations of material fact that is false or misleading constitute deceptive acts or practices prohibited by the FTC Act. prohibited by the FTC Act.

24. In numerous instances, through the means described in several paragraphs, in the

course of collecting debts from plaintiff, defendants, directly and indirectly, have represented to plaintiff, expressly or by implication, that the debt(s) were/is valid and that plaintiff had an obligation to pay the debt(s).

25. In truth and in fact, in numerous instances the material representations set forth in were false or defendants did not have a reasonable basis for the representations at the time the representations were made.

26. Therefore, the representations set forth were false or misleading and constitute deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## COUNT 3
## VIOLATIONS OF GEORGIA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

27. The allegations of paragraphs 1 through 34 of this complaint are re-alleged and incorporated by reference. The actions stated herein and carried out by the defendant(s) were violations of Georgia State and federal law, and are therefore unfair and/or deceptive trade practices as defined by state statute O.C.G.A. 10-1-372 (2010).

## COUNT 4
## DEFEMATION

28. The allegations of paragraphs 1 through 34 of this complaint are re-alleged and by reference. In connection with the collection of a debt, defendants, directly or indirectly have used false, deceptive, or misleading representations, means, action or other proceeding that constitutes defamation, libel, slander, false forms of speech , damage to reputation, emotional distress, presented in a false light, criticism, dishonor and caused condemnation in violation of 28 U.S. Code § 4101.

## COUNT 5
## CIVIL RACKETEERING

29 The allegations of paragraphs 1 through 34 of this complaint are re-alleged and by reference. Because of the defendant's unlawful enterprise and the conduct they were

engaged in, their actions and activities affected interstate and foreign commerce. By conspiring to conduct, participate, directly or indirectly in the conduct of such enterprise's affairs through a pattern of racketeering activity and collection of unlawful debt defendant's committed several unlawful acts pursuant to 18 U.S. Code § 1962

## RELIEF

### INJUNCTION FOR VIOLATIONS OF THE FTC ACT AND FDCPA

30. Under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), this Court is authorized to issue a permanent injunction to ensure that: (a) Association Financial Service a/k/a AFS will not continue to violate the FTC Act and the FDCPA and (b) defendant Walker and defendant Joshi will not continue to violate the FTC Act and the FDCPA.

### EQUITABLE RELIEF FOR VIOLATIONS OF THE FDCPA, AND FTC ACT

31. Under Sections 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b) and 57b, this court is authorized to issue all equitable and ancillary relief as it may deem appropriate in the enforcement of the FDCPA, and the FTC Act, including the ability to order rescission or reformation of contracts, restitution, the refund of monies paid, and disgorgement to deprive a wrongdoer of ill-gotten gain.

### CIVIL PENALTIES FOR VIOLATIONS OF THE FDCPA

32. Defendant Association Financial Service a/k/a AFS has violated the FDCPA as described above, with actual knowledge or knowledge fairly implied on the basis of objective circumstances, as set forth in Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A).

33. Each instance within five (5) years preceding the filing of this complaint, in which defendant Association Financial Service a/k/a AFS has failed to comply with the

FDCPA in one or more of the ways described above, constitutes a separate violation for which plaintiff seeks monetary civil penalties.

34.     Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A), Section 814(a) of the FDCPA, 15 U.S.C. § 1692l, and Section 4 of the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, as amended, authorize the Court to award monetary civil penalties of not more than $11,000 for each violation of the FDCPA.

**PRAYER FOR RELIEF**

WHEREFORE,

Plaintiff, pursuant to 15 U.S.C. §§ 45(m)(1)(A), 53(b), 1692l, 1681s, and the court's own equitable powers, respectfully requests that the Court:

1.  Enter a permanent injunction to prevent future violations of the FTC Act, the FDCPA, O.C.G.A. 10-1-372 (2010), and the FCRA by defendant(s);
2.  Award such relief as the court finds necessary to redress injury to plaintiff resulting from defendant(s)' violations of the FTC Act, O.C.G.A. 10-1-372 (2010). the FDCPA including but not limited to, rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten gains.
3.  Award plaintiff monetary civil penalties for each violation of the FDCPA occurring within five years preceding the filing of this complaint; and
4.  Award plaintiff monetary civil penalties for each violation of 28 U.S. Code § 4101, 18 U.S. Code § 1962.
5.  Award plaintiff the costs of bringing this action, as well as such other and additional relief as the court may determine to be just and proper.
6.  Award plaintiff attorney fees.

                              X <u>David Moss</u>
                              DAVID MOSS ProSe
                              BOX 211
                              MCDONOUGH, GEORGIA 30253
                              August 28th, 2017