DAVID MOSS
PO BOX 211
MCDONOUGH, GEORGIA 30253

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

OCT 10 2017

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DAVID MOSS<br><br>PLAINTIFF<br><br>V.<br><br>ASSOCIATION FINANCIAL SERVICES A/K/A AFS<br><br>DANIEL E KOERNER "KOERNER" IN HIS PERSONAL AND PROFFESSIONAL CAPICITY AS OWNER OF ASSOCIATION FINALCIAL SERVICES A/K/A AFS<br><br>WILSHIRE PARK HOMEOWNERS ASSOCIATION INC.<br><br>HAROLD WALKER "WALKER" IN HIS PERSONAL AND PROFFESSIONAL CAPICITY AS CFO WILSHIRE PARK HOMEOWNERS ASSOCIATION INC<br><br>WISCHAL JOSHI "JOSHI" IN HIS PERSONAL AND PROFFESSIONAL CAPICITY AS CEO WILSHIRE PARK HOMEOWNERS ASSOCIATION INC<br><br>DEFENDANT(S). | Case No.:<br><br>PLAINTIFF'S Rule 26(a) INITIAL DISCLOSURES<br><br>Demand for Jury trial |

## PLAINTIFF DAVID MOSS RULE 26(a)(1) INITIAL DISCLOSURES

In accordance with Rule 26(a)(1) of the Federal Rules of Civil Procedure, Plaintiff,

David Moss respectfully makes his mandatory disclosures as follows:

1

**(1) State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.**

What defendant(s) did:

Violate the FDCPA, Violate Section 5 of FTC Act 15 U.S.C. 45, Violate O.C.G.A. 10-1-372 (2010), Defame plaintiff 28 U.S. Code 4101, Committed civil racketeering 18 U.S. Code 1962.

1. In or about January 2017 plaintiff received a postcard in the mail from defendants Association Financial Service a/k/a AFS and Wilshire park homeowners associations requesting payment of $1,705.00. Said postcard was an attempt to collect at debt, said post card violated (FDCPA Unfair practices (§1692f): (vii) communicating with a debtor by postcard).

2. In or about late January 2017 Plaintiff sent notice to defendants Association Financial Service a/k/a, Wilshire park homeowners associations and Wischal Joshi requesting validation of debt listed on the postcard. In or about March 2017 Plaintiff received a letter dated March 08, 2017 from defendants Association Financial Service a/k/a AFS and Daniel E Koerner threatening legal action if plaintiff did not send payment in full in the amount of $1,583.60 prior to March 25, 2017.

3. In order about April 2017 plaintiff sent second request to defendants Association Financial Service a/k/a, Wilshire park homeowners associations and Wischal Joshi requesting validation of debt. In or about April 2017 plaintiff received a second letter dated April 26th 2017 from defendants Association Financial Service a/k/a, and Daniel E Koerner requesting payment of $1,080.00 by April 01, 2017. In or about May 2017 plaintiff sent 3rd request for validation of debt and received nothing.

4. In or about June 2017 plaintiff contacted Cobb County Georgia department of business licensing in an effort to verify that defendant Association Financial Service a/k/a AFS and Daniel E Koerner where operating as a legal entity within the state of Georgia. Through a public information request for records, it was found that defendant (s)Association Financial Service a/k/a AFS and Daniel E Koerner where not licensed in the state of Georgia to conduct business.

**(2) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.**

FDCPA§1692

FDCPA Unfair practices (§1692f): (vii) communicating with a debtor by postcard)

FDCPA False or misleading representations (§1692e)

Alozynski v. Rubin & Debski, P.A., 2010 WL 1849081 (M.D. Fla, May 7, 2010)

Belin V. Litton Loan Serv., L.P., 2006 WL 1992410 (M.D. Fla. July 14, 2006)

Munoz v. Pipestone Fin., LLC, 397 F. Supp. 2d 1129 (D. Minn. 2005)

Krapf v. Prof'l Collection Servs., Inc., 525 Supp. 2d 3324 (E.D.N.Y. 2007).
Ohlson v. Cadle Co. 2006 WL 721505 (E.D.N.Y. Mar 21, 2006).

Reade-Alvarez v. Eltman, Eltman & Cooper, P.C., 369 F. Supp. 2d 353 (E.D.N.Y. 2005).

Frey v. Gangwish, 970 F.2d 1516 (6th Cir. 1992).

First Interstate Bank v. Soucie, 924 P.2d 1200 (Colo. App. 1996).

Woolfolk v. Rubin, 1990 U.S. Dist. LEXIS 20964 (D. Conn. Feb. 2, 1990). D

Yale New Haven Hosp. v. Orlins, 1992 WL 110710 (Conn. Super. Ct. May 11, 1992).

Laws v. Cheslock, 1999 U.S. Dist. LEXIS 3416 (N.D. Ill. Mar, 8, 1999).

3

Stojanovski v. Strobl & Manoogian, 783 F. Supp. 319 (E.D. Mich. 1992).

Chulsky v. Hudson Law Offices, P.C. 2011 WL 500202 (D. N.J. Feb. 10, 2011).

Beasley v. Collectors Training Inst., 1999 U.S. Dist. LEXIS 2575 (N.D. Ill. Feb. 25, 1999).

Carvana v. MFG Fin., Inc., 2008 WL 246 8539 (D. Utah June 17, 2008).

Hernandez v. Midland Credit Mgmt., Inc., 2006 WL 695451 (N.D. Ill. Mar. 14, 2006).

Robinson v. Managed Account Receivables Corp., 654 F. Supp. 2d 1051 (C.D. Cal. 2009).

LeBlanc v. Unifund CCR Partners, 601 F.3d 1185 (11th Cir. 2010).

Peter v. G.C. Servs. L.P., 310 F.3d 344 (5th Cir. 2002).

Police v. Nat'l Tax Funding, L.P., 225 F.3d 379 (3rd Cir. 2000).

United States v. ACB Sales & Serv., Inc., 590 F. Supp. 561 (D. Ariz. 1984).

Schwarm v. Craighead, 552 F. Supp. 2d 1056 (E.D. Cal. 2008).

Cashman v. Ricigliano, 2004 WL 1920798 (D. Conn. Aug. 25, 2004).

Martinez v. Albuquerque Collection Servs., 867 F. Supp. 1495 (D. N.M. 1994).

Brumbelow v. Law Offices of Bennett & Deloney, P.C., 372 F. Supp. 2d 615 (D. Utah 2005).

West v. Costen, 558 F. Supp. 564 (W.D. Va. 1983).

Montgomery v. Huntington Bank & Silver Shadow Recovery, Inc., 346 F.3d 693 (6th Cir. 2003).

Keele v. Wexler, 149 F/3d 589. 594 (7th Cir. 1998).

Baker v. G.C. Servs. Corp., 677 F.2d 775, 777 (9th Cir. 1982).

Dutton v. Wolhar, 809 F. Supp. 1130 (D. Del. 1992), aff'd, 5 F.3d 649 (3rd Cir. 1993).

Drossin v. Nat'l Action Fin. Servs., Inc., 255 F.R.D. 608 (S.D. Fla. 2009).

Flowers v. Accelerated Bureau of Collections, Inc., 1997 WL 136313 (N.D. Ill. Mar.19, 1997.

Kaniewski v. Nat'l Action Fin. Servs., 678 F. Supp. 2d 541 (E.D. Mich 2009).

Thomas v. Consumer Adjustment Co., 579 F. Supp. 2d 1290 (E.D. Mo. 2008).

Riveria v. MAB Collections, Inc., 682 F. Supp. 174 (W.D. N.Y. 1988).

Gathing v. Mortgage Elec. Registration Sys., Inc., 2010 WL 889945 (W.D. Mich. Mar. 10, 2010).

Re Gunter, 334 B.R. 900 (Bankr. S.D. Ohio 2005).

Capital Credit & Collection Serv., Inc. v. Armani, 206 P.3d 1114 (Or. Ct. App. 2009).

Reyes v. Kenosian & Miele, L.L.P., 619 F. Supp. 2d 796 (N.D. Cal. 2008)

Ruth v. Triumph P'ships, 577 F.3d 790 (7th Cir. 2009).

Frey v. Gangwish, 970 F.2d 1516 (6th Cir. 1992).

Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985).

Federal Trade Comm'n v. Shaffner, 626 F.2d 32 (7th Cir. 1980).

Randall v. Nelson & Kennard, 2010 WL 3636258 (D. Ariz. Sept. 20, 2010).

Milton v. LTD Fin. Serv. Inc., 2011 WL 291363 (S.D. Ga. Jan. 25, 2011).

Yelvington v. Buckner, Clearinghouse No. 36,581 (N.D. Ga. 1984).

**(3) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.**

Response:
See Attachment A

**(4) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.**

Response:
See Attachment B

**(5) Provide a copy of, or a description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.**

Response:
See Attachment C

David Moss has in his possession, custody, or control the documents identified in Attachment C that he may use to support his claims or defenses unless solely for impeachment, identifying the subjects of the information.

**(6) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed.R.Civ.P. 34.**

Response:

See Attachment D

(7) **Attach for inspection and copying as under Fed.R.Civ.P. 34 any insuranc agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.**

Response:

Not applicable.

(8) **Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiff's cause of action and state the basis and extent of such interest.**

Response:

Not applicable

Respectfully submitted this 03 day of October, 2017.

X _____
David Moss

(3) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.

Attachment A

(a) David Moss
PO Box 211
McDonough, Georgia 30253
917-624-6410
Plaintiff Full knowledge of dispute

(b) Carol C. Koerner
4207 Kenwyck Court
Marietta, GA 30007

(c)
Michelle Zayas
Treasurer of Wilshire Park Homeowners
131 Napa Drive
Mcdonough, Georgia 30253

(d) David S. Grossman
Associate Attorney
Nowack Howard LLC
Resurgens Plaza Suite 1250
945 East Paces Ferry Road NE
Atlanta, Georgia 30326

(e) Daniel E. Koerner
4207 Kenwyck Court
Marietta, GA 30007
Registered Agent

(f) Wilshire Homeowners Association (Defendant)
P.O Box 70907
C/O Daniel Koerner (Registered Agent)
4207 Kenwyck Court
Marietta, GA 30007

(g) Daniel E. Koerner (Defendant)
    4207 Kenwyck Court
    Marietta, GA 30007

(h) Wischal Joshi (Defendant)
    333 Sonoma Lane
    McDonough, Georgia 30253

(i) Harold Walker (Defendant)
    190 Napa Drive
    McDonough, Georgia 30253

(j) Sandra S. Richardson
    Cobb County Georgia
    Business License Division Manager
    1150 Powder Springs St, Suite 400
    Marietta, GA 30064
    770-528-8410
    sandra.richardson@cobbcounty.org

**(4) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.**

## Attachment B.

Plaintiff has not yet declared any expert witnesses for use at trial. Should he do so, Plaintiff will supplement his response to this disclosure as necessary, in accordance with applicable rules of procedure under Rules 702, 703, or 705.

**(5) Provide a copy of, or a description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.**

Attachment C

**Description by category:**

In Plaintiff possession, custody, or control

1. Dunning notices/Collection Letter/Postcard from Defendant(s)
2. Email(s) from Defendant(s)
3. Cobb County Business License(s)for Defendant(s)
4. Mailings for defendants requesting validation of debt
5. Mailings to defendants advising of violation of state and federal law
6. Motions and pleadings

(6) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed.R.Civ.P. 34.

Attachment D

Plaintiff has not yet made an exact calculation or computation of damages incurred in this lawsuit, as most elements of damages claimed (e.g., compensatory and punitive damages, equitable relief, and attorneys' fees) are within the sound discretion of the jury or the Court and cannot be determined. As discovery progresses, and to the extent practicable, Plaintiff will supplement his response to this disclosure as necessary, in accordance with applicable rules of procedure.